6-96-028-CV Long Trusts v. Dowd 


















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00116-CV
______________________________



IN RE:
SUE FULGIUM AND
EDWARD C. FULGIUM, JR.





                                                                                                                                            
                 
Original Mandamus Proceeding





                                                                                                                                            
                                           


Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross



O P I N I O N

          Edward C. Fulgium, Jr., and Sue Fulgium petition this Court for a writ of mandamus
compelling the Honorable Jeff Addison, Judge of the County Court at Law of Bowie
County, to set aside a protective order denying depositions of Kim Griffin, case manager
for CASA (Court Appointed Special Advocate) of Northeast Texas, Inc. (CASA), and the
custodian of records of the Texarkana Children's Advocacy Center (CAC), in a suit
affecting the parent-child relationship pending in that court. The order also denied
discovery of CASA's and CAC's records. 
          The Texas Department of Protective and Regulatory Services initiated that suit by
filing a petition for protection of a child, for conservatorship, and for termination of the
parent-child relationship. The children the subject of that suit are three females whose
ages, at the time of suit, were sixteen, fifteen, and ten. Edward C. Fulgium, Jr., is referred
to in the State's petition as the "Legal Guardian" of the children, and the Fulgiums together
are referred to elsewhere in the record as the "grandparents" and the "paternal
grandparents" of the children. The trial court appointed CASA as the guardian ad litem for
the children. Edward C. Fulgium, Jr., answered the suit with a general denial. His counsel
then caused notices of intent to take oral depositions to be served on Griffin and the
custodian of records for CAC. These notices were accompanied by subpoenas duces
tecum for Griffin and the records custodian to produce all records maintained by them
relating to these children.
 
          CASA and CAC moved for protection from these notices and subpoenas. After
hearing, the trial court granted the protective order, finding that the records sought by the
subpoenas duces tecum were "work product" and that there was no showing of "substantial
need" or "undue hardship." For the reasons stated below, we deny the petition for writ of
mandamus.
          In their supplemental motion for protective order, CASA and CAC contended that
the information sought by the depositions and the subpoenas was privileged under Section
261.201 of the Family Code, under Rule 502 of the Rules of Evidence, or under derivative
judicial immunity. CASA and CAC make these same arguments in their response to the
petition for writ of mandamus. In addition, CASA contends the information is protected as
work product because, as guardian ad litem of the subject children, CASA is a "party's
representative." CASA and CAC also contend Section 261.201 applies to them as a
"designated agency" because they were appointed by the court. See Tex. Fam. Code Ann.
§ 261.001 (Vernon 2002), §§ 261.201, 261.301 (Vernon Supp. 2004–2005). In the
alternative, CASA and CAC contend the files are privileged under Rule 502, which honors
privileges created by "law" when a person or other entity is required to report such
information. See Tex. R. Evid. 502; Davidson v. Great Nat'l Life Ins. Co., 737 S.W.2d 312,
314 (Tex. 1987).
          The Fulgiums contend the work product privilege does not apply because CASA is
not an attorney. If the work product privilege does apply, the Fulgiums contend that
exceptions to the privilege allow discovery of the requested information. The Fulgiums
contend CAC cannot claim either work product or a privilege because CAC is clearly not
a party representative. The Fulgiums also contend that Section 261.201 only applies to
the Department of Protective and Regulatory Services, not to CASA or CAC, and that no
confidentiality is conferred to guardians ad litem under Section 107.002. See Tex. Fam.
Code Ann. § 107.002 (Vernon Supp. 2004–2005), §§ 261.001, 261.201, 261.301. Last,
the Fulgiums contend that any privilege CASA could have claimed under Rule 502 has
been waived by virtue of its report having been admitted into evidence. They further
contend CAC cannot claim any privilege under Rule 502 because it was not required to
submit a report.
          Mandamus issues only when the mandamus record establishes (1) a clear abuse
of discretion or the violation of a duty imposed by law, and (2) the absence of a clear and
adequate remedy at law. Cantu v. Longoria, 878 S.W.2d 131, 132 (Tex. 1994); Walker v.
Packer, 827 S.W.2d 833, 839–40 (Tex. 1992). Mandamus is an extraordinary remedy that
will issue only to correct a clear abuse of discretion or, in the absence of another statutory
remedy, when the trial court fails to observe a mandatory statutory provision conferring a
right or forbidding a particular action. Abor v. Black, 695 S.W.2d 564, 567 (Tex. 1985).
          With respect to the resolution of factual issues or matters committed to the trial
court's discretion, the reviewing court may not substitute its judgment for that of the trial
court. Walker, 827 S.W.2d at 839. The scope of discovery is generally within the trial
court's discretion. Dillard Dep't Stores, Inc. v. Hall, 909 S.W.2d 491, 492 (Tex. 1995). 
Mandamus will issue, though, to correct a discovery order if the order constitutes a clear
abuse of discretion and there is no adequate remedy by appeal. In re Colonial Pipeline
Co., 968 S.W.2d 938, 941 (Tex. 1998). 
          A party will not have an adequate remedy by appeal when the appellate court would
not be able to cure the trial court's discovery error. An appeal will not be an adequate
remedy where the party's ability to present a viable claim or defense at trial is vitiated or
severely compromised by the trial court's discovery error. The remedy by appeal may be
inadequate where a trial court's discovery order disallows discovery which cannot be made
a part of the appellate record, thereby denying the reviewing court the ability to evaluate
the effect of the trial court's error. Walker, 827 S.W.2d at 843–44; see Tom L. Scott, Inc.
v. McIlhany, 798 S.W.2d 556, 558 (Tex. 1990). 
          The trial court is granted discretion under Sections 261.201, 264.408, and 264.613
of the Family Code to order disclosure of the information sought in this case, provided
certain requirements have been met. See Tex. Fam. Code Ann. § 261.201 (Vernon Supp.
2004–2005), §§ 264.408, 264.613 (Vernon 2002). Under Section 261.201, information
relating to the investigation of child abuse may not be disclosed unless the court orders it
disclosed after determining that disclosure is essential to the administration of justice and
would not endanger the child, the person reporting the abuse, or any other person. See
Tex. Fam. Code Ann. § 261.201. While Section 261.201 does not specifically describe the
entities to which it applies, Sections 264.408 and 264.613 provide that Section 261.201
applies to CASA and CAC. See Tex. Fam. Code Ann. §§ 261.201, 264.408, 264.613. 
          Section 264.613 provides that Section 261.201 applies to CASA. The creation of
CASA is authorized by subchapter G. Tex. Fam. Code Ann. § 264.001, et seq. (Vernon
2002 & Supp. 2004–2005); Chacon v. Chacon, 978 S.W.2d 633, 634 n.1 (Tex.
App.—El Paso 1998, no pet.). Section 264.613 provides that the "files, reports, records,
communications, and working papers used or developed in providing services under this
subchapter are confidential . . . and may only be disclosed for purposes consistent with this
subchapter," and specifically lists the entities to which disclosure may be made. Tex. Fam.
Code Ann. § 264.613. Neither the parents nor the grandparents of the child, or their
attorney(s), are on this list. Further, Section 264.613(c) provides that "[i]nformation related
to the investigation of a report of abuse or neglect of a child under Chapter 261 and
services provided as a result of the investigation are confidential as provided by Section
261.201." Id. 
          CAC's records are protected by similar provisions. Under subchapter E, which
applies to Child Advocacy Centers, Section 264.408 provides that the "files, reports,
records, communications, and working papers used or developed in providing services
under this chapter are confidential . . . and may only be disclosed for purposes consistent
with this chapter," and specifically lists the entities to which disclosure may be made. Tex.
Fam. Code Ann. § 264.408. As in Section 264.613, neither the parents nor the
grandparents of the child, or their attorney(s), are on the list in Section 264.408. Id. 
Further, Section 264.408(b) provides that "[i]nformation related to the investigation of a
report of abuse or neglect of a child under Chapter 261 and services provided as a result
of the investigation is confidential as provided by Section 261.201." Id. 
          Section 261.201(a) states that "[t]he following information is confidential . . . and
may be disclosed only for purposes consistent with this code and applicable federal or
state law or under rules adopted by an investigating agency." Tex. Fam. Code Ann.
§ 261.201(a). Such information includes "except as otherwise provided in this section, the
files, reports, records, communications, audiotapes, videotapes, and working papers used
or developed in an investigation under this chapter or in providing services as a result of
an investigation." Tex. Fam. Code Ann. § 261.201(a)(2). Section 261.201 does include an
exception that the trial court "may order" disclosure if after a hearing it is determined that
the requested information is "essential to the administration of justice" and not likely to
endanger the life or safety of the child, the person who reported the abuse, or any other
person involved. Tex. Fam. Code Ann. § 261.201(b), (c). 
          The exception allowing the trial court to order the disclosure is discretionary. Under
the Code Construction Act, the word "may" creates discretionary authority. Tex. Gov't
Code Ann. § 311.016 (Vernon 1998). If a hearing determines that the disclosure of the
information is essential to the administration of justice and there is no danger to the child
or another person, a court may order the disclosure at its discretion. The trial court held
a hearing concerning the matter. Because there is no showing that the information is
essential to the administration of justice or that the disclosure poses no danger to the child
or another person, we cannot say the trial court clearly abused its discretion in refusing to
order the disclosure. Further, there is no showing that disclosure would be consistent with
the Family Code or required by federal or state law. 
          Because the Fulgiums have not shown that the trial court clearly abused its
discretion in refusing to order disclosure under Section 261.201, we will not address the
remaining contentions. 
          We deny the petition for writ of mandamus.


                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      November 15, 2004
Date Decided:         November 16, 2004